J-S03018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE GONZALEZ | : | |
| | : | |
| Appellant | : | No. 1919 EDA 2017 |

Appeal from the Judgment of Sentence May 12, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0003216-2016

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                        **FILED JUNE 21, 2018**

Michelle Gonzalez appeals from the judgment of sentence entered after the trial court found her guilty of driving under the influence of alcohol ("DUI"). Gonzalez argues evidence of her blood alcohol content ("BAC") derived from a blood sample should have been suppressed, as she believes she could not have consented to the blood draw pursuant to **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016). After careful review, we affirm.

When we review the denial of a suppression motion, "we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole." **Commonwealth v. Eichinger**, 915 A.2d 1122, 1134 (Pa. 2007).

_____

* Former Justice specially assigned to the Superior Court.

We are not bound by the suppression court's legal conclusions and review the suppression court's application of the law to the facts *de novo*. **See Commonwealth v. Myers**, 118 A.3d 1122, 1125 (Pa. Super. 2015).

In contrast, we defer to the suppression court's findings of fact as it is in the bailiwick of the suppression court to assess the credibility of witnesses and the weight to be given to their testimony. **See id**. "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

Here, the essential facts are undisputed. Gonzalez was stopped and arrested on suspicion of DUI. After being read a version of the DL-26 form that was updated after **Birchfield**, Gonzalez consented to a blood draw. The DL-26 form did not include any warning about criminal penalties associated with refusing to consent to a blood draw. Gonzalez testified she consented to the blood draw because she "was told that if I refused that my license would be suspended for a year." N.T., Suppression Hearing, 1/9/17, at 32.

As it pertains to this case, the **Birchfield** Court found that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." 136 S.Ct. at 2186. In so finding, the Court vacated the conviction of one of the petitioners who had consented to a blood

draw after being informed by police that he must comply with the blood test, or else face criminal penalties.

At the time of this incident involving Appellant, refusal to submit to a blood draw, paired with a later conviction for or plea to drunk driving under any section of 75 Pa.C.S.A. § 3802, mandated higher penalties for the defendant. *See* 75 Pa.C.S.A. § 3804. **Penalties**. In *Commonwealth v. Evans*, 153 A.3d 323 (Pa. Super. 2016), this Court addressed the application of § 3804 in the wake of *Birchfield*. In that case, the arresting officer warned Evans, who was suspected of driving under the influence, that he would face higher penalties for refusing a blood draw. Evans thereafter consented to a blood draw, and was charged with driving under the influence. Evans later challenged that consent as involuntary, and filed a motion to suppress. His motion was denied, and he appealed his drunk driving conviction to this Court.

Based on the *Birchfield* decision, the *Evans* panel concluded § 3804's enhanced penalties were unconstitutional. Thus, the officer's warnings were inaccurate, possibly affecting the voluntariness of his consent. Therefore, the Court vacated the judgment of sentence and the suppression court's order, and remanded the case to the trial court for reevaluation of Evans's consent. *See* 153 A.3d at 331.

Gonzalez acknowledges that *Evans* is factually distinguishable from this case. Gonzalez concedes the updated DL-26 form did not provide an inaccurate warning. Rather, she argues her consent was not knowing and

voluntary, as the updated form "now provides [d]efendants less information."

Appellant's Brief, at 13.

> [T]he [d]efendant was not made aware of the criminal consequences of the decision to consent or refuse at a time when no court had said that the penalties associated with refusal of a blood draw were unenforceable. Obviously had the [d]efendant refused to provide the blood sample, he could have only been convicted under the general impairment section of the [DUI laws] and would have been subject to six months probation and no license suspension.

*Id*.

This Court has recently held that the updated DL-26 form complies with the mandates of *Birchfield*. *See Commonwealth v. Robertson*, ___ A.3d ___, ___, 2018 WL 2057000, at *6 (Pa. Super., filed May 3, 2018). The suppression court therefore properly analyzed whether, under the totality of the circumstances, Gonzalez's consent was voluntary. *See id*.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/18

---

[1] Gonzalez does not challenge the reasonableness of the suppression court's analysis of the totality of the circumstances.